Frank B. Shalters et al., Appellants, *v.* Amanda S. Ladd et al.

*Will—Devise—Life estate.*

Testator by a codicil devised real estate to his daughter, Hannah Shalters, " her heirs and assigns, to her sole and separate use," and she " shall hold and enjoy the said house and premises to her sole and separate use, she to receive the rents, issues and profits thereof," ".and immediately after her death the same shall descend to and vest in the lawful issue of the said Hannah Shalters," excepting that in case he should survive his wife, her husband is to have, during his life, one third of the rents, issues and profits, " but during her lifetime he shall not be at liberty to receive or control any part of said real estate." In the body of his will testator devised other real estate to his daughter and to her heirs and assigns forever, " the said real estate to be enjoyed by my said daughter Hannah during her natural life, to her sole and separate use." He directed his executors at the request of his daughters to invest their shares of the residuary estate, in real estate " for the sole and separate use of my said daughters, respectively, during their lives, and after their death to go in fee simple to their children or lawful issue, the same as I devised to them the other real estate in the former part of my will." *Held*, that the daughter took a life estate only in the real estate devised to her by the codicil.

Argued Feb. 28, 1894.　Appeal, No. 220, Jan. T., 1893, by plaintiffs, from judgment of C. P. Berks Co., Aug. T., 1894, No. 84, on verdict for defendants.　Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ.　Reversed.

Partition.　Before ENDLICH, J.

From the record it appeared that Hannah R. Shalters died Sept. 7, 1882, leaving a will by which she left the share of her son Francis B. Shalters, Jr., in trust.　Hannah R. Shalters claimed to own in fee the real estate in controversy as devised to her by her father, Nicholas Seidel, by a codicil to his will. The codicil was as follows :

" I do hereby give and devise to my daughter, Hannah Shalters, the wife of Francis B. Shalters, and to her heirs and assigns, to her sole and separate use, the three-storied house and the ground and premises which I at present occupy on the north side of Penn street, in West Market Square, in the city of Reading and county of Berks.　But I give said house and

premises to my said daughter Hannah under and subject to
the condition that she pay for the same to my executors, or to
the survivor or survivors of them, the sum of $5,000 lawful
money, to go into the rest and residue of my real, personal, and
mixed estate, and to be distributed and divided as is provided
in my last will and testament; and it is further my will that
my said daughter Hannah shall hold and enjoy said house and
premises to her sole and separate use, she to receive the rents,
issues, and profits thereof, and immediately after her death the
same shall descend to and vest in the lawful issue of the said
Hannah Shalters, excepting that if the said Francis B. Shalters
shall survive his said wife Hannah, then he shall, during his
life and from the death of his said wife, enjoy the one third of
the rents, issues, and profits of said house and premises; but
during her lifetime he shall not be at liberty to receive or con-
trol any part of said real estate, but it shall be for the sole and
separate use of my said daughter."

The portions of the body of Nicholas Seidel's will material to
this case are as follows:

"Also, I give and devise to my daughter Hannah, inter-
married with Francis B. Shalters, and to her heirs and assigns
forever, the three-storied brick tavern and the ground and
stable thereto belonging, as it is now possessed and occupied by
George Kalbach, situate on the north side of Penn street, in
the city of Reading, and county of Berks, and adjoining the
house and premises which I myself occupy, the said real estate
to be enjoyed by my said daughter Hannah, during her natural
life, to her sole and separate use, to the exclusion of her hus-
band; she shall not be at liberty to sell or encumber the same,
and her receipts from time to time shall be a sufficient discharge
for the rents thereof, and immediately after her death the said
real estate shall vest in and be enjoyed by the lawful issue of
my said daughter Hannah, excepting that if my said son-in-law,
Francis B. Shalters, shall survive his wife, he shall during his
lifetime enjoy the rents, issues, and profits of one third of the
said real estate.

"And further, I do hereby order and direct, and I declare it
to be my will, that if any or all of my said daughters shall re-
quest my said executors, or the survivors, or survivor of them,
to invest their shares or any one of their shares in said residue

of my real, personal, and mixed estate, in real estate, it shall be the duty of my said executors so to invest it for the sole and separate use of my said daughters, respectively, during their lives, and after their deaths to go in fee-simple to their children, or lawful issue, the same as I devised to them the other real estate in former part of my will; but on the other hand, if my said daughters prefer and elect to take their shares in the rest and residue of my real, personal, and mixed estate, in money or personal property, they are at liberty to do so, and they may then take it to their sole and separate use, and do with it as they think proper, and their receipts for the same shall be a full discharge to my executors."

Francis B. Shalters, Jr., died on March 19, 1891, intestate, leaving to survive him, as heirs at law, his wife and children, the plaintiffs in this suit. On July 9, 1891, S. Eugene Stout was appointed "trustee of the widow and children of Francis B. Shalters, Jr., deceased, under the last will and testament of Hannah R. Shalters, deceased." S. Eugene Stout presented a petition to be made a party to the record in the suit. The rule allowed on the petition was made absolute, ENDLICH, J., filing an opinion in which he decided that under the will of Nicholas Seidel, deceased, Hannah R. Shalters took an estate in fee, and that her will was operative.

At the trial plaintiffs offered in evidence the will of Nicholas Seidel and the codicil thereto, given above; and it was admitted that Francis B. Shalters, the husband of Hannah R. Shalters, named in said will, died on July 5, 1873, and that Hannah R. Shalters died Sept. 7, 1882, that they had issue, Francis B. Shalters, Jr., since deceased, Amanda S. Ladd, Lucy J. Livingood, and Emma S. Kuendig, and that Francis B. Shalters, the son, died March 19, 1892, intestate, leaving to survive him, as heirs at law, the plaintiffs. Defendants offered in evidence deeds of Hannah R. Shalters and Morton L. Montgomery, Esq., to bar entail, and also the will of Hannah R. Shalters. It was admitted that S. Eugene Stout was the properly appointed trustee of the widow and children of the said Francis B. Shalters, Jr., deceased, under the will of Hannah R. Shalters, deceased. The court directed a verdict for defendants.

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (1, 2) in adding S. Eugene Stout to the record, (3, 4) in directing a verdict for defendants.

*Frank S. Livingood,* for appellants.—Hannah R. Shalters took an estate for life under her father's will: Shalters v. Ladd, 141 Pa. 349; Haldeman v. Haldeman, 40 Pa. 34; Wright v. Brown, 44 Pa. 224; MacConnell v. Lindsay, 131 Pa. 476; Bacon's Ap., 57 Pa. 504; Rife v. Geyer, 59 Pa. 393; Dodson v. Ball, 60 Pa. 492; Little v. Wilcox, 119 Pa. 439; Faries's Ap., 23 Pa. 29; Reinoehl v. Shirk, 119 Pa. 113; 1 Jarman, Wills, 345; 2 Jarman, Wills, 642; Smith on Executory Interests, 276; Moser v. Dunkle, 1 Woodw. Dec. 393; Urich's Ap., 86 Pa. 390.

*Jefferson Snyder, Jacob S. Livingood* and *George F. Baer* with him, for appellees.—The language of the codicil throughout is aptly descriptive of an estate in fee in Mrs. Shalters with a separate use imposed on it, and an attempt to deprive the husband partially of his tenancy by the curtesy. But this latter attempt may be treated as all other repugnancies are treated. If an undoubted fee is given, the attempt to impose restraints upon its use or operation as a fee is void.

OPINION BY MR. JUSTICE WILLIAMS, Oct. 1, 1894:

This case depends upon the construction of a codicil to the last will and testament of Nicholas Seidel. A clause in the same will, containing a devise practically identical in character with that now before us, was interpreted by the court below in 1890. The same learned judge who decided this case delivered the opinion of the court below in that case. He then held that the devise gave a life estate to the first taker, and an estate in fee simple to "her issue;" and that the words "her issue" were used in the devise as words of purchase and not as words of limitation. The result was that neither by virtue of her deed to bar the entail, nor under the provisions of the act of 1855, was her estate enlarged or that of her issue diminished. That case came into this court upon appeal, and in Shalters v. Ladd, 141 Pa. 349, we affirmed the judgment of the court below. The reasons for our action as stated in the opinion of our late brother CLARK are conclusive upon this case, and we could not add to their strength by restating them.

The learned judge of the court below seems to have been led into error by confining his attention to this particular codicil as though it stood absolutely alone.   He should have treated it, as it really is, as part and parcel of the will of Nicholas Seidel; and brought to his aid in its construction all the light that the general scheme of the will, and the separate devises to each of his children would have thrown upon it.   If he had done this he would necessarily have followed Shalters v. Ladd, supra.  · In this case, as in that, the words "lawful issue" are by the consideration of the will as a whole shown to be words of purchase. The issue take, not from their mother, but from the testator ; and her estate is made a life estate as clearly as though the words "for her natural life" had been incorporated into the codicil.

The judgment is reversed, and a venire facias de novo awarded.